### MASON CITY BRICK & TILE CO. v. HUSTON, Collector of Internal Revenue.

### No. 27 Civil.

[District Court, N. D. Iowa, Cedar Rapids Division.

Jan. 3, 1941.

Frank J. Enbusk, of Mason City, Iowa, for plaintiff.

Tobias E. Diamond, U.S. Atty., of Sioux City, Iowa, Wm. B. Danforth, Asst. U.S. Atty., of Mason City, Iowa, and W. B. Waldo, Asst. to Atty. Gen., for defendant.

SCOTT, District Judge.

#### Findings of Fact.

1. That plaintiff is a corporation duly organized and existing under and by virtue of the laws of the State of Iowa having its principal place of business in the city of Mason City, Cerro Gordo County, Iowa. It is engaged in the brick and tile business and operates a number of production plants in Mason City.

2. That defendant is and at all time material to this case has been a duly appointed, qualified and acting Collector of Internal Revenue for the District of Iowa, having his place of residence at Cedar Rapids, Linn County, Iowa.

3. That plaintiff's income tax return for the calendar year of 1936 was filed on or about May 14, 1937, showing net income of $74,280.50, and tax due of $9,982.08. Thereafter, on information and facts coming to the attention of the Commissioner of Internal Revenue, it was determined that plaintiff's net income was greater than as returned, and plaintiff was notified of a proposed additional tax for the year of $4,413.41. After a protest by the taxpayer (of which Joint Exhibit A is true copy), and consideration of facts and arguments advanced, the proposed deficiency for the said year was reduced to $2,070, and this amount, after waiver of the right to appeal to the Board of Tax Appeals by plaintiff, was assessed by the Commissioner of Internal Revenue in February, 1940, along with interest in the amount of $353.59, as shown by Joint Exhibit B. The tax originally returned, and that assessed as aforesaid, having been certified to defendant for collection, a total of $12,404.99 was paid to him in installments as follows:

| | |
|---|---|
| 5/20/37 | $2,495.52 |
| 6/15/37 | 2,495.52 |
| 9/13/37 | 2,495.52 |
| 12/ 3/37 | 2,495.52 |
| 2/26/40 | 1,842.27 |
| 2/26/40 | 313.49 |
| 2/26/40 | 227.73 |
| 2/26/40 | 39.42 |

For the calendar year of 1937, the plaintiff filed an income and excess profits tax return on March 15, 1938, showing net income of $82,367.68 and tax due of $11,-188.53. Thereafter, upon information and facts coming to his attention, the Commissioner of Internal Revenue determined that plaintiff's net income was greater than returned, and notified plaintiff of a proposed additional tax for the year of $4,690.10 income tax and $42.59 excess-profits tax. After a protest by the taxpayer (see Joint Exhibit A), and consideration of facts and arguments advanced, the proposed income tax deficiency for the said year was reduced to $2,519.82, and this amount, after waiver of the right to appeal to the Board of Tax Appeals by the plaintiff, was assessed by the Commissioner of Internal Revenue in February, 1940, along with interest in the amount of $278.90, as shown by Joint Ex-

hibit B. The tax originally returned and that assessed as aforesaid having been certified to defendant for collection, a total of $13,986.43 was paid to him in installments as follows:

| | |
|---|---|
| 3/15/38 | $2,797.14 |
| 6/13/38 | 2,797.14 |
| 9/14/38 | 2,797.14 |
| 12/14/38 | 2,797.11 |
| 2/26/40 | 2,356.65 |
| 2/26/40 | 259.62 |
| 2/26/40 | 163.17 |
| 2/26/40 | 18.46 |

4. That the assessment of the deficiency and the waiver of the right to appeal to the Board of Tax Appeals, as set out above, does not prejudice the right of the plaintiff in this suit, to seek further revision of the tax by filing refund claim and suit.

5. That claims for refund were filed by the plaintiff for the years of 1936 and 1937, claiming an allowance for loss on abandonment of assets, and that said claims were received at the office of the Collector of Internal Revenue on March 11, 1940. These claims are attached as Joint Exhibits C and D.

6. That the allowances now claimed as losses on abandonment of assets were not so claimed in the returns (which are attached hereto as Joint Exhibits E and F), but there was in both years a claim of capital loss based on sales of equipment, and included were sales of some of the equipment claimed now as loss through abandonment. That these capital losses claimed were allowed in the net income figures upon which tax so far assessed has been based (subject to the statutory maximum allowance of $2,000 in each year). However, if the court shall conclude that these items taken as capital loss should have been treated as retirements and charged to the depreciation reserve, the treatment thereof in the Reports of Revenue Agent Dennis (attached hereto as Joint Exhibits G and H) is correct.

7. That subsequent to the filing of the claims for refund, the plaintiff's records were re-examined by direction of the Commissioner of Internal Revenue and the reports of this re-examination were transmitted to the plaintiff by letters dated September 5, 1940. (These are the reports identified above as Joint Exhibits G and H.) Said reports take the position that claimed losses on abandoned assets should be treated as retirements and charged against the depreciation reserve and recommend rejection of the plaintiff's claims for refund.

At the time of filing this suit, plaintiff had not been notified, by the Commissioner of Internal Revenue, of the final rejection of its claims, but more than six months had elapsed since the claims were filed. The final rejection of the claims was made by the Commissioner of Internal Revenue by registered letter dated November 26, 1940. Copy of said letter is attached as Joint Exhibit I.

8. The Internal Revenue Agent's reports above mentioned propose a deficiency of $352.88 for 1936, the assessment of which is barred by the Statute of Limitation, but which nevertheless may be taken into account by the Court in determining the amount of overpayment, if any, allowable, and a deficiency of $1,042.50 for 1937, on the following grounds:

In the determination of the deficiencies just mentioned Revenue Agent Dennis correctly increased net income for 1936 in the amount of $1474.59 and for 1937 in the amount of $535.62. These increases were related to expense deductions claimed and hitherto allowed which were based upon payments made by plaintiff to a trust maintained by the subsidiaries of United Light & Power Co. It is agreed that to the extent of $1,474.59 and $535.62 these did not represent insurance premium payments and that those sums should be added to net income for the respective years.

In the determinations of net income upon which taxes so far assessed and paid for 1936 and 1937 are based, are included the maximum allowances for capital loss of $2,000 in each year. The changes in treatment of abandoned equipment reflected in Joint Exhibits G and H require no change in net income for 1936, because there remains an item of $2,000 (Hanlon note), which the report for 1936 recognizes as allowable. But for 1937 if the Court shall conclude that the equipment disposed of in that year which constituted the basis for the claim of capital loss, should have been treated as retired and charged to depreciation reserve in the year of abandonment, net income for 1937 should be increased by $2,000.

If the Court shall conclude that all equipment abandoned as shown on the Schedule of Abandoned Equipment (Exhibit D attached to Joint Exhibit H) should be treated as retired and charged to depreciation reserve in the year of abandonment, then, and in that event, net income for 1936 should be increased by $1,296.79 and for

1937 by $1,672.22. These represent corrections of depreciation so far allowed to the extent that it was based upon uncorrected basis (retirements not having been deducted.)

9. That Exhibit D, entitled Schedule of Abandoned Equipment, of the report of Internal Revenue Agent Dennis for 1937, sets out the facts and figures with respect to the abandonment of equipment. The following compiled from this Exhibit discloses the claimed amount of loss on abandoned equipment involved in this suit:

| Year of 1936 | |
|---|---|
| Equipment | Net Loss |
| 4 Screens | $ 1,267.62 |
| 1 Grinder | 3,792.59 |
| 1 Dryer | 2,114.17 |
| Total net loss | $ 7,174.38 |

| Year of 1937 | |
|---|---|
| Equipment | Net Loss |
| 8 Screens | $ 2,830.77 |
| 1 Grinder | 2,982.68 |
| 1 Grinder | 5,684.63 |
| 2 Dryers | 5,980.12 |
| | $17,478.20 |

10. That Exhibit B, Schedule of Depreciation on Equipment, of the Revenue Agent's report, Joint Exhibit H, removes from the depreciation basis all abandoned equipment in the year of abandonment and no depreciation is computed on such equipment after abandonment.

11. That it is agreed that if the Court finds that the abandonment losses claimed as set out in paragraph 9, supra, are allowable deductions for the respective years as there shown for 1936 and 1937, then the adjustments, for each year, contained in the Revenue Agent's report as set out above (paragraph 8) shall apply as an offset in determining the amount of the judgment.

The foregoing paragraphs, 1 to 11 inclusive, are exactly as stipulated by the parties during the trial and stipulations signed, filed and introduced in evidence. I am including this stipulation as a precautionary measure but restating and elaborating my findings of fact as follows:

1 (a). Plaintiff is a corporation duly organized and existing under and by virtue of the laws of the State of Iowa having its principal place of business in the city of Mason City, Cerro Gordo County, Iowa.

2 (a). Defendant is and at all time material to this case has been a duly appointed, qualified and acting Collector of Internal Revenue for the District of Iowa, having his place of residence at Cedar Rapids, Linn County, Iowa.

3 (a). Plaintiff's income tax return for the calendar year of 1936 was filed on or about May 14, 1937, showing net income of $74,280.50, and tax due of $9,982.08. For the calendar year of 1937, plaintiff filed an income and excess-profits tax return on March 15, 1938, showing net income of $82,367.68, and tax due of $11,188.53. Subsequent to the filing of the returns and payment of income tax the income tax returns were examined by the Commissioner of Internal Revenue and the taxable income for the year of 1936 was increased to $84,685.-80 and the total taxes were increased to $12,052.08. The net taxable income for the year of 1937 was increased to $94,614.-81, and the total taxes for the year were increased to $13,708.35.

The total taxes assessed for the years of 1936 and 1937 were paid by the plaintiff to the defendant in several installments as set out below. These included interest for the year of 1936 in the amount of $353.59 and interest for 1937 in the amount of $278.90.

| Year of 1936 | | Year of 1937 | |
|---|---|---|---|
| 5/20/37 | $2,495.52 | 3/15/38 | $2,797.14 |
| 6/15/37 | 2,495.52 | 6/13/38 | 2,797.14 |
| 9/13/37 | 2,495.52 | 9/14/38 | 2,797.14 |
| 12/ 3/37 | 2,495.52 | 12/14/38 | 2,797.11 |
| 2/26/40 | 1,842.27 | 2/26/40 | 2,356.65 |
| 2/26/40 | 313.49 | 2/26/40 | 259.62 |
| 2/26/40 | 227.73 | 2/26/40 | 163.17 |
| 2/26/40 | 39.42 | 2/26/40 | 18.46 |

4 (a). Plaintiff filed claims for refund for the years of 1936 and 1937 claiming an allowance for loss on the abandonment of certain clay working equipment. Said claims were received at the office of the Collector of Internal Revenue on March 11, 1940. Subsequent to the filing of the claims for refund, plaintiff's records were re-examined by the direction of the Commissioner of Internal Revenue and the reports covering this re-examination were transmitted to the plaintiff by letter dated September 5, 1940. Said reports recommended the rejection of the plaintiff's claims for refund and further proposed an increase in the net taxable income of $2,-771.38 and $4,207.84 for 1936 and 1937 respectively, resulting in a proposed deficiency of $352.88 for 1936 and a proposed deficiency of $1,042.50 for 1937. At the time of the filing of this suit, plaintiff had not

been notified by the Commissioner of Internal Revenue of the final rejection of its claims but more than six months had elapsed since the claim was filed. The final rejection of the claims was made by the Commissioner of Internal Revenue by registered letter dated November 26, 1940.

5 (a). Plaintiff, during 1936 and 1937, permanently abandoned certain clay working equipment due to loss of useful value and sustained losses for these years as set out below:

*Computation of Surtax on Undistributed Profits*

| | |
|---|---|
| Net income for surtax | $84,685.80 |
| Less normal tax credit | 11,540.25 |
| | 73,145.55 |
| Less dividend paid credit | 65,833.65 |
| Balance subject to surtax | 7,311.90 |
| Surtax at 7% | 511.83 |
| Tax assessed and paid | $12,052.08 |

| Equipment | Acquired | Cost | Year of 1936 Accumulated Depreciation | Net Value When Discarded | Salvage | Net Loss |
|---|---|---|---|---|---|---|
| 4 Screens | 1931 | 2,901.92 | 834.30 | 2,067.62 | 800.00 | 1,267.62 |
| 1 Grinder | 1931 | 8,681.80 | 2,496.00 | 6,185.80 | 2,393.21 | 3,792.59 |
| 1 Dryer | 1931 | 4,565.00 | 1,312.45 | 3,252.55 | 1,138.38 | 2,114.17 |
| | | 16,148.72 | 4,642.75 | 11,505.97 | 4,331.59 | 7,174.38 |

| Equipment | Acquired | Cost | Year of 1937 Accumulated Depreciation | Net Value When Discarded | Salvage | Net Loss |
|---|---|---|---|---|---|---|
| 5 Screens | 1931 | 5,901.84 | 2,036.16 | 3,865.68 | 1,034.91 | 2,830.77 |
| 1 Grinder | 1931 | 8,675.84 | 2,993.16 | 5,682.68 | 2,700.00 | 2,982.68 |
| 1 Grinder | 1931 | 8,678.82 | 2,994.19 | 5,684.63 | | 5,684.63 |
| 2 Dryers | 1931 | 9,130.00 | 3,149.88 | 5,980.12 | - | 5,980.12 |
| | | 32,386.50 | 11,173.39 | 21,213.11 | 3,734.91 | 17,478.20 |

Plaintiff did not claim allowances for above losses sustained on abandonment of equipment on tax returns filed for 1936 and 1937 and no abandonment losses were considered in determining the deficiency for these years. It has been agreed by the parties that if the court finds that these abandonment losses are allowable deductions for the years of 1936 and 1937, then the increase in income of $2,771.38 and $4,207.84 for these respective years as proposed by the Commissioner shall apply as an offset in determining the amount of the net taxable income for each of these years.

6 (a). The total tax assessed and paid for the year of 1936 based on a net taxable income of $84,685.80 was computed by the Commissioner as follows:

*Computation of Normal Tax*

| | | |
|---|---|---|
| Net income | | $84,685.80 |
| Less dividend received credit | | 17.48 |
| Normal tax net income | | 84,668.32 |
| 2,000.00 at 8% | 160.00 | |
| 13,000.00 at 11% | 1,430.00 | |
| 25,000.00 at 13% | 3,250.00 | |
| 44,668.32 at 15% | 6,700.25 | |
| Total normal tax | | $11,540.25 |

7 (a). The total tax assessed and paid for the year of 1937 based on a net taxable income of $94,614.81 was computed by the Commissioner as follows:

*Computation of Normal Tax*

| | | |
|---|---|---|
| Net income | | $94,614.81 |
| Less dividend received credit | | 44.13 |
| Normal tax net income | | 94,570.68 |
| 2,000 at 8% | 160.00 | |
| 13,000 at 11% | 1,430.00 | |
| 25,000 at 13% | 3,250.00 | |
| 54,570.68 at 15% | 8,185.60 | |
| Total normal tax | | $13,025.60 |

*Computation of Surtax on Undistributed Profits*

| | | |
|---|---|---|
| Net income for surtax | | $94,614.81 |
| Less normal tax credit | | 13,025.60 |
| | | 81,589.21 |
| Less dividend paid credit | | 72,500.00 |
| Balance subject to surtax | | 9,089.21 |
| 8,158.92 at 7% | 571.12 | |
| 930.29 at 12% | 111.63 | |
| Total surtax | | 682.75 |
| Tax assessed and paid | | $13,708.35 |

8 (a). Plaintiff's contention that taxes for the year of 1936 were overpaid is based on the following computation:

| | | |
|---|---|---:|
| Net taxable income on which tax was assessed and paid | | $84,685.80 |
| *Additions to Income* | | |
| Adjusting expense of self-insurance | 1,474.59 | |
| Depreciation adjustment | 1,296.79 | 2,771.38 |
| Total | | 87,457.18 |
| *Deductions from Income* | | |
| Loss sustained due to abandonment of equipment | | 7,174.38 |
| Correct net taxable income | | 80,282.80 |

| | | |
|---|---|---:|
| *Computation of Normal Tax* | | |
| Correct net taxable income | | 80,282.80 |
| Less dividend received credit | | 17.48 |
| Normal tax net income | | 80,265.32 |
| 2,000.00 at 8% | 160.00 | |
| 13,000.00 at 11% | 1,430.00 | |
| 25,000.00 at 13% | 3,250.00 | |
| 40,265.32 at 15% | 6,039.80 | |
| Total normal tax | | 10,879.80 |
| *Computation of Surtax on Undistributed Profits* | | |
| Net income for surtax | | 80,282.80 |
| Less normal tax credit | | 10,879.80 |
| | | 69,403.00 |
| Less dividend paid credit | | 69,087.00 |
| Balance subject to surtax | | 316.00 |
| Surtax at 7% | | 22.12 |
| *Corrected Total Due* | | $10,901.92 |
| *Net Overpayment of Tax* | | $ 1,150.16 |

9 (a). Plaintiff's contention that taxes for the year of 1937 were overpaid is based on the following computation:

| | | |
|---|---|---:|
| Net taxable income on which tax was assessed and paid | | $94,614.81 |
| *Additions to Income* | | |
| Adjusting expense of self insurance | 535.62 | |
| Depreciation adjustment | 1,672.22 | |
| Capital loss claimed disallowed | 2,000.00 | 4,207.84 |
| Total | | 98,822.65 |
| *Deductions from Income* | | |
| Loss sustained due to abandonment of equipment | | 17,478.20 |
| Correct net taxable income | | 81,344.45 |
| *Computation of Normal Tax* | | |
| Correct net taxable income | | 81,344.45 |
| Less dividend received credit | | 44.13 |
| Normal tax income | | $81,300.32 |

| | | |
|---|---|---:|
| $ 2,000.00 at 8% | 160.00 | |
| 13,000.00 at 11% | 1,430.00 | |
| 25,000.00 at 13% | 3,250.00 | |
| 41,300.32 at 15% | 6,195.05 | |
| Total normal tax | | 11,035.05 |
| *Computation of Surtax on Undistributed Profits* | | |
| Net income for surtax | | 81,344.45 |
| Less normal tax credit | | 11,035.05 |
| | | 70,309.40 |
| Less dividend paid credit | | 72,500.00 |
| Balance subject to surtax | | none |
| Corrected total tax due | | 11,035.05 |
| *Net Overpayment of Tax* | | $ 2,673.20 |

10 (a). Interest assessed and paid on the above overpayments is computed as follows:

*1936*

| | |
|---|---:|
| Interest at the rate of 6 per cent from March 15, 1937, to February 26, 1940, on $1,150.16 | $203.44 |

*1937*

| | |
|---|---:|
| The full amount of interest assessed and paid since the deficiency on which interest was assessed is less than the amount of the above overpayment | 278.90 |
| | $482.34 |

11 (a). That during the years of 1936 and 1937 plaintiff permanently abandoned certain clay working equipment due to loss of useful value and sustained a loss from such abandonment of $7,174.38 for the year of 1936 and a similar loss of $17,478.20 for the year of 1937.

12. That the loss sustained has not been compensated for through depreciation or otherwise, or deducted or allowed as a deduction from taxable income for the years involved.

### Conclusions of Law.

Upon the foregoing facts found the Court concludes as matters of law as follows:

1. That plaintiff is entitled to deduct these losses for 1936 and 1937 from taxable income, subject to offsets as set out herein, under Section 23(f) of the Revenue Act of 1936, 26 U.S.C.A. Int.Rev.Code, § 23(f), and the corresponding provisions of the Internal Revenue Code. Newport Co. v. United States, D.C., 34 F.Supp. 588; United States v. Hardy, D.C., 6 F.Supp. 946; Illinois Pipe Line Co. v. Commissioner, 37 B.T.A., 1070; Sanitary Co. of America v. Commissioner, 3 Cir., 34 F.2d 439. See comment on Illinois Pipe Line Co. v. Com-

520

missioner, supra, in Commerce Clearing House, Inc., Fed. Tax Service 1940, vol. 1, pp. 1783, 1784.

2. That plaintiff is entitled to judgment against the defendant for taxes and interest overpaid in the amount of $4,305.-80 together with interest at the rate of 6% per annum as provided by law, and for the costs of this action.

### Opinion

This is an action by Mason City Brick & Tile Company, a corporation, against Chas. D. Huston, Collector of Internal Revenue for the District of Iowa, to recover an excess of income tax for the years 1936 and 1937, alleged to have been erroneously and illegally exacted and paid, and refund denied. The excessive exaction alleged arises through the refusal of the Commissioner to allow deduction on account of certain items of equipment, the use of which was abandoned during the years mentioned, and later sold as used equipment. The question-presented is, whether the taxpayer was entitled to deductions for this abandoned equipment in the amount of the difference between cost less accrued depreciation and resale or salvage value. The deduction was not claimed in the original return, but being advised of the provisions of the Act under which the tax was levied, the taxpayer applied for refund and allowance of such deduction which was denied. In assessing the taxpayer the Commissioner used a composite rate of depreciation upon numerous items of equipment used in fabricating clay products. It does not appear, however, that the rate applied would be unfair to the particular group abandoned.

The act under which the tax was levied provides, Title 26 U.S.C.A. Int.Rev.Code § 23(f):

"Losses by corporations. In the case of a corporation, losses sustained during the taxable year and not compensated for by insurance or otherwise."

It is the contention of the plaintiff that the taxpayer was entitled to the deduction and consequent reduction in the amount of tax exacted. It is the contention of the Commissioner and Collector that the amount of value abandoned should be charged to depreciation and the taxpayer left to realize recoupment throughout future years. In this case, however, the amount of the loss was removed from the depreciation basis so that the aggregate depreciation in future years would not include the diminution of value through abandonment.

I conclude that the plaintiff's contention is the correct one and that the plaintiff should be entitled to the reduction and consequently to recover the excess of tax exacted with interest in accordance with law and the Government's custom of payment in such cases. Any credit necessary to be made to the depreciation account to prevent double benefits to the taxpayer, if any, should be applied to years subsequent to 1936 and 1937. Newport Co. v. United States, D.C., 34 F.Supp. 588; United States v. Hardy, D.C., 6 F.Supp. 946; Illinois Pipe Line Co. v. Commissioner, 37 B.T.A. 1070; Sanitary Co. of America v. Commissioner, 3 Cir., 34 F.2d 439. See comment on Illinois Pipe Line Co. v. Commissioner, supra, in Commerce Clearing House, Inc., Federal Tax Service 1940, Vol. 1, pp. 1783, 1784.